UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ADAM E. CAMERON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01253-SEB-MPB |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Dismissing Petition for Writ of Habeas Corpus without Prejudice**

Adam Cameron's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254,
challenges his conviction in state court cause number 03C01-2007-F6-003635. Observing that
Mr. Cameron had only recently been sentenced and had not yet started appellate proceedings in
state court, the Court ordered him to show cause why his habeas petition should not be dismissed
for failure to exhaust state court remedies. Dkt. 3 at 2 (citing *Johnson v. Foster*, 786 F.3d 501,
504 (7th Cir. 2015) and 28 U.S.C. § 2254(b)(1)(A)). Mr. Cameron then filed a motion to amend
his petition, asking the Court not to dismiss his case because his rights had been violated. But
because Mr. Cameron has not exhausted his state court remedies, this action must be **dismissed
without prejudice**.

## I.      Background

The Court takes judicial notice of the chronological case summary in state case number
03C01-2007-F6-003635, available at mycase.in.gov, for the procedural history in the underlying
criminal case.

Mr. Cameron was charged with two counts of forgery with intent to defraud and one count of theft. A jury trial was held on April 26 and 27, 2022, and Mr. Cameron was found guilty as charged.

On April 29, 2022, Mr. Cameron mailed a document titled "APPEAL Reasons/ground for appeal on Cause # 103C01-2007-F6-003635" to the United States District Court for the Eastern District of Pennsylvania. Dkt. 1. Because that court recognized that Mr. Cameron was incarcerated in Indiana and was challenging an Indiana state conviction, it was transferred here on June 22, 2022. Dkt. 7.

The Court construed the filing as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and on July 7, 2022, ordered Mr. Cameron to show cause why it should not be dismissed without prejudice for failure to exhaust state court remedies. Dkt. 3 at 2. The Court observed that the chronological case summary reflected that Mr. Cameron had been sentenced on June 27 and had not yet begun the appellate process in state court. *Id.*

Although the chronological case summary reflected that a sentencing hearing was "commenced and concluded" on June 27, 2022, Mr. Cameron was not actually sentenced until August 1, 2022. As of September 12, 2022, Mr. Cameron had not filed a notice of appeal.

## II.     Discussion

In the petition, Mr. Cameron raises several issues related to jury selection, jury instructions, and evidentiary rulings at trial, and the effectiveness of trial counsel. Dkt. 1.

In response to the show cause order, on July 20, 2022, Mr. Cameron filed a "motion for amended complaint, to correct error." Dkt. 12. In the motion, Mr. Cameron states that his trial attorney refused to file an appeal and that he had attempted to initiate the appeal process on his

own. He requested that this Court not dismiss his petition without prejudice because his rights have been violated through the course of his criminal proceedings.

Mr. Cameron's motion to amend his complaint, dkt. [12], must be **denied**. To exhaust the issues related to trial and trial counsel's performance, Mr. Cameron must "fairly present[ ] his claims throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (citation and quotation marks omitted); *see* 28 U.S.C. § 2254(b)(1)(A). Even if Mr. Cameron does not file a direct appeal, he could still challenge the effectiveness of his trial counsel through state court post-conviction proceedings. *See Brown v. Brown*, 847 F.3d 502, 512 (7th Cir. 2017) (noting that in Indiana post-conviction proceedings are the preferred forum for ineffective assistance of counsel claims). Mr. Cameron does not argue that post-conviction proceedings are unavailable to him. Because it is clear that Mr. Cameron has not exhausted state court remedies, this action is **dismissed without prejudice** for failure to exhaust.

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Jurists of reason would not disagree with this Court's determination that Mr. Cameron has not exhausted his state court remedies, and therefore a certificate of appealability is **denied**.

### III.    Conclusion

Mr. Cameron's motion to amend his petition, dkt. [12], is **denied**. His motion for a status update, dkt. [11], is **granted** to the extent that the Court has dismissed his petition.

Mr. Cameron's petition for writ of habeas corpus is **dismissed without prejudice** because he has not exhausted his state court remedies. Final Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 9/14/2022

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ADAM E. CAMERON
543 2ND STREET
COLUMBUS, IN 47201